

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Edgar A. Maddox
County Attorney
Mineral Wells, Texas

Dear Sir:

Opinion No. O-3504
Re:  Whether Camp Walters is
a suburb of the City of
Mineral Wells.

We have your letter of May 2, 1941, submitting
the following facts and questions arising thereunder:

"1.

"The Rail Road Commission, claiming juris-
diction by virtue of the provisions of Article
911a of the Revised Civil Statutes of this State,
has granted to the Army Camp Bus Line, a certif-
icate of necessity and convenience to operate a
bus line over Highway 80-A into the City of
Mineral Wells, a distance of approximately 2.3
miles, and said company is now operating its
buses over said route into the City of Mineral
Wells and over its streets, to a designated de-
pot.  Said Company has no franchise from the
City of Mineral Wells for its operations but
asserts that by virtue of its certificate from
the Rail Road Commission it has the right to
come into the City and load and unload passengers.

"2.

"The City of Mineral Wells, Texas, has grant-
ed to the City Bus Company, a corporation, a fran-
chise to operate buses in the City of Mineral
Wells and over and upon its streets.  Said company
is now enjoying such franchise and has its buses
in operation carrying passengers over various

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Edgar A. Maddox, Page 2

streets of said City and its surburbs.

"3-

"The City Bus Company has filed an appli-
cation with the Commissioners Court of this
County, for a permit to operate over the public
roads leading to Camp Walters from the City of
Mineral Wells, in accordance with the provisions
of Article 6548 of the Revised Civil Statutes;
and is contending that the Rail Road Commission
of Texas, had no jurisdiction to grant a certif-
icate of convenience and necessity to the Army
Camp Bus Line, for the reason that Article 911a
specially excepts from the jurisdiction of the
Rail Road Commission operation of bus lines in
incorporated towns and cities and their surburbs.
It being further asserted that Camp Walters is
in fact a surburb of the City of Mineral Wells.

"4-

"It is further contended that the Rail Road
Commission of Texas being without jurisdiction
to grant a permit or certificate to the Army Camp
Bus Lines or Camp Walters Bus Line, and the cor-
poration not having a franchise to operate in the
City of Mineral Wells, its operations are illegal
and in violation of the penal laws of this State.

"5-

"In order that you may have a picture of the
true physical facts, we are attaching a map or
plat reflecting the situation of Camp Walters,
various business houses, enterprises and residences
with reference to Highway 80-A and the City Limits
of the City of Mineral Wells, Texas.

"6-

"In addition to the facts revealed by the at-
tached map or plat, the following uncontroverted
facts are asserted as showing that Camp Walters

and the area between Camp Walters and the city limits of the City of Mineral Wells, is in fact a suburb of said City.

"(a)  The City of Mineral Wells owns and maintains a water works system and sells and distributes water to customers within and without the corporate limits of said City; and is under contract with the Federal Government to supply all water needed in the operation and maintenance of Camp Walters.

"(b)  The City of Mineral Wells owns Lake Mineral Wells lying east and beyond Camp Walters, and owns and maintains a water line which passes through Camp Walters and adjacent to Highway 80-A.

"(c)  The corporate limits of the City of Mineral Wells have been extended so as to include Lake Mineral Wells and the pipe line leading from the lake into the City.

"(d)  The City of Mineral Wells furnishes and supplies water to many of the places of business, residences and enterprises adjacent to Highway 80-A, which are located between Camp Walters and the City limits of said City, at the same rates promulgated and charged customers within the corporate limits of the City.

"(e)  Camp Walters, and the business houses, residences and other enterprises adjacent to Highway 80-A, and between Camp Walters and the city limits of the City of Mineral Wells are supplied telephone service through the central office of the Southwestern Bell Telephone Company.

"(f)  Camp Walters, and the business houses, residences and other enterprises located adjacent to Highway 80-A and between Camp Walters and the city limits of the City of Mineral Wells, are supplied with electric current by the Texas Power & Light Company, through its transformer station located within the City limits of the City of Mineral Wells, and the same rates are charged

Honorable Edgar A. Maddox, Page 4

for such service as are promulgated and charged
to inhabitants within the corporate limits.

"(g) The Brazos River Gas Company furnishes
and supplies natural gas to Camp Walters, and to
the business houses, residences and other enter-
prises adjacent to Highway 80-A, and between Camp
Walters and the corporate limits of the City of
Mineral Wells, and charge the same rate made to
similar customers within the corporate limits of
the City.

"(h) The City of Mineral Wells owns the land
upon which Camp Dallas (shown on the attached map),
is located, and furnishes said camp with water.
Said camp is also furnished with electric current
by the Texas Power & Light Company.

"(i) Old Camp Walters, the National Guard
Camp of the 56th Calvary Brigade, lies between new
Camp Walters and the City, and is furnished and
supplied with water by the City, and is supplied
with electric and telephone service in the same
manner as New Camp Walters.

"(j) The City of Mineral Wells leased from
the owners thereof some 10,000 to 12,000 acres of
land, and then sublet to the Federal Government
the site upon which Camp Walters is situated, and
the City of Mineral Wells is paying some $12,000.00
per annum for said leases in excess of what it is
receiving from the Federal Government for a sub-
lease.

"(k) The City of Mineral Wells, has over a
period of years undertaken to extend to all busi-
ness houses, residences and other enterprises lo-
cated adjacent to Highway 80-A and within the area
now alleged to be a surburb of said City, a water
service, from its pipe line extending from Lake
Mineral Wells into the City.

"Considering the foregoing facts we would
appreciate your answer to the following questions:

"(1)   Does the Rail Road Commission of Texas, have jurisdiction to grant a certificate of necessity and convenience over Highway 80-A from Mineral Wells to Camp Walters?

"(2)   Under the foregoing facts is Camp Walters and the area lying between Camp Walters and the corporate limits of the City of Mineral Wells, a surburb of said City, as a matter of law?

"(3)   Does the City Bus Company by virtue of its Franchise from the City of Mineral Wells, have the right to operate over Highway 80-A to Camp Walters?

"(4)   Does the Commissioners Court of Palo Pinto County, Texas, by virtue of Article 6548 of the Revised Civil Statutes have jurisdiction and authority to grant the application of the City Bus Company for a permit to operate its buses over Highway 80-A, and other Public Roads to Camp Walters?"

As noted in your letter the Railroad Commission granted a certificate of convenience and necessity to the Army Camp Bus Line, presumably after a hearing and having reached the conclusion that it had jurisdiction.   Article 911a, Vernon's Annotated Civil Statutes, places motor bus companies under the regulation of the Railroad Commission. A reading of Section 1 (c) shows that such a carrier is not subject to regulation if it operates wholly within the limits of a city and its suburbs.   On the other hand if any of its operation is outside the limits of a city or its  suburbs it is within the jurisdiction of the Commission and subject to regulation.   Hence, the answers to your inquiries depend upon the question as to whether or not the territory between the Camp and the city limits of Mineral Wells is a suburb of such City.   While a considerable part of the facts which you submit tends to show that it is such a suburb, it is apparent that the Railroad Commission thought differently after hearing the evidence on the Camp Bus Line application.

Honorable Edgar A. Maddox, Page 6

Whether the roads traversed in going from the City of Mineral Wells to Camp Walters lie within the suburbs of the City is a question of fact. Hence, we regret our inability to answer your questions. We enclose a copy of our Opinion No. O-2737, which is somewhat more elaborative of our position.

APPROVED MAY 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

CRL:lh

